TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00110-CV








Rita Hill, Appellant



v.



Burnet County Sheriff's Department and Burnet County, Texas, Appellees








FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 20,807, HONORABLE V. MURRAY JORDAN, JUDGE PRESIDING








 Appellant Rita Hill appeals the district court's order granting a plea to the jurisdiction
filed by the Burnet County Sheriff's Department and Burnet County, Texas ("Burnet County"). In
two issues, Hill contends that the district court erred by granting Burnet County's plea to the
jurisdiction because (1) she was constructively discharged as defined by the Texas Whistleblower
Act, see Tex. Gov't Code Ann. § 554.002 (West 1994 & Supp. 2002) & § 554.0035 (West Supp.
2002), and (2) she was terminated because she made a good faith report of a violation of law. (1) We
will reverse the judgment of the district court and remand the cause for further proceedings.

BACKGROUND

 From 1994 to 2000, Hill was employed by the Burnet County Sheriff's Department
as a dispatcher. In Spring 2000, Hill and two other employees observed that Hill's supervisor, Janie
Prew, was falsifying her time records. Hill and the other employees gave written notice of the time
record discrepancies to Sheriff's Department administrators, but no action was taken. Subsequently,
Hill and another employee reported their concerns to the Burnet County District Attorney's Office,
and the Sheriff's Department began an investigation. Following her report to the District Attorney's
office, Hill received hostile telephone calls at her home from her superiors. Prew and other Sheriff's
Department employees stopped communicating with her except on matters related to the
investigation.

 In August 2000, a representative of the Sheriff's Department advised Hill that she had
twenty-four hours to sign a confidentiality agreement relating to the investigation or else be subject
to disciplinary action or termination; no other employee of the Sheriff's Department was given a
similar deadline or ultimatum. During the investigation, Hill was called away from her station, in
Prew's presence, on two separate occasions to discuss her report and the investigation; no other
employee was called away from her station in the same manner. An investigator informed Hill that
she would be required to undergo a polygraph test before Prew; no other employees were told they
would be required to take a polygraph test. From the time Hill and the other employee made their
report to the District Attorney's office, Hill was subjected to hostility from her superiors at the
Sheriff's Department. Because of the stress from the harassment and hostile work environment, Hill
resigned from her position on August 16, 2000. Thereafter, Hill engaged in a verbal altercation with
Sheriff Joe Pollock that caused her to physically collapse. 

 On October 4, 2001, Hill filed her first amended petition contending that she had been
forced to resign because of retaliation in violation of the Texas Whistleblower Act. Burnet County
filed a plea to the jurisdiction contending that Hill "has pled allegations that affirmatively establishes
[sic] this court's lack of subject matter jurisdiction based on sovereign immunity. Alternatively,
Plaintiff has pled in bad faith with the purpose of attempting to confer jurisdiction when under true
and undisputed facts the County's sovereign immunity has not been waived." On February 4, 2002,
the district court granted Burnet County's plea to the jurisdiction. Hill appeals the judgment.


DISCUSSION

Standard of Review

 Because subject matter jurisdiction presents a legal question, we review the district
court's ruling on a plea to the jurisdiction de novo. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922,
928 (Tex. 1998). A plea to the jurisdiction contests a trial court's authority to consider the subject
matter of a cause of action. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); City
of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750, 752 (Tex. App.--Austin 1998, no pet.). In order to
prevail, the party asserting the plea to the jurisdiction must show that even if all the allegations in
the plaintiff's pleadings are taken as true, there is an incurable jurisdictional defect apparent from
the face of the pleadings, rendering it impossible for the plaintiff's petition to confer jurisdiction on
the trial court. Texas Bd. of Pardons & Paroles v. Feinblatt, 82 S.W.3d 513, 517 (Tex.
App.--Austin 2002, no pet. h.) (citing Rylander v. Caldwell, 23 S.W.3d 132, 135 (Tex.
App.--Austin 2000, no pet.)). 

 The plaintiff must allege facts that affirmatively demonstrate the court's jurisdiction
to hear the cause. Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). 
We must construe the allegations in the petition in favor of the plaintiff, look to the pleader's intent,
and accept the pleadings' factual allegations as true. Id.; Peek v. Equipment Serv. Co., 779 S.W.2d
802, 804 (Tex. 1989). The truth of the plaintiff's allegations is at issue only if the defendant pleads
and proves that the allegations were fraudulently made to confer jurisdiction on the court. Feinblatt,
82 S.W.3d at 517. Further, "a court deciding a plea to the jurisdiction is not required to look solely
to the pleadings but may consider evidence and must do so when necessary to resolve jurisdictional
issues raised." Id. (quoting Bland Indep. Sch. Dist., 34 S.W.3d at 555). 

 On judicial review of a plea to the jurisdiction based on sovereign immunity, our task
is not to determine whether the plaintiff ultimately wins or loses; rather, our task is to decide whether
the facts as alleged support jurisdiction in the trial court. Id. Generally, a petition is sufficient to
confer jurisdiction on the court to hear a matter if it gives fair notice of acts upon which the pleader
bases his claims so that the opposing party may adequately prepare a defense. See Garvey v. Vawter,
795 S.W.2d 741, 742 (Tex. 1990). A petition is sufficient if the cause of action may be reasonably
inferred from what is specifically stated. See Crockett v. Bell, 909 S.W.2d 70, 72 (Tex.
App.--Houston [14th Dist.] 1995, no writ).

Sovereign Immunity

 Because governmental immunity from suit defeats a trial court's subject matter
jurisdiction, it is properly asserted in a plea to the jurisdiction. Texas Dep't of Transp. v. Jones, 8
S.W.3d 636, 637 (Tex. 1999); Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 405 (Tex. 1997);
Missouri Pac. R.R. v. Brownsville Navigation Dist., 453 S.W.2d 812, 814 (Tex. 1970). The party
suing the governmental entity must establish the state's consent, which may be alleged either by
reference to a statute or to express legislative permission. Jones, 8 S.W.3d at 637; Missouri Pac.
R.R., 453 S.W.2d at 814. "The courts of our state require clear and unambiguous legislative
expression before they will hold that sovereign immunity has been waived." Kerrville State Hosp.
v. Fernandez, 28 S.W.3d 1, 3 (Tex. 2000).

 The Whistleblower Act contains an express waiver of the state's sovereign immunity. 
Tex. Gov't Code Ann. § 554.0035. In effect, this waiver permits a district court to exercise
jurisdiction once a plaintiff sufficiently pleads a claim under the Whistleblower Act. See Federal
Sign, 951 S.W.2d at 405; Hohman, 6 S.W.3d at 772. Accordingly, Hill's appeal turns on whether
her petition sufficiently pleads a claim under the Act; it does not turn on whether she can prevail on
the merits of her claim.


The Texas Whistleblower Act

 The Whistleblower Act prohibits a state or local governmental entity from suspending
or terminating the employment of a public employee who "in good faith reports a violation of law
by the employing entity or another public employee to an appropriate law enforcement authority." 
Tex. Gov't Code Ann. § 554.002(a). See also Texas Dep't of Transportation v. Needham, 82 S.W.3d
314, 317-18 (Tex. 2002). The Act "protects public employees who attempt to report illegal activity." 
Wichita County v. Hart, 917 S.W.2d 779, 784 (Tex. 1996). The Act "is designed to enhance
openness in government and compel the government's compliance with the law by protecting those
who inform authorities of wrongdoing." Castaneda v. Texas Dep't of Agric., 831 S.W.2d 501, 503
(Tex. App.--Corpus Christi 1992, writ denied). In considering the scope of the Act, this Court has
recognized that the Whistleblower Act has been invoked on behalf of "public employees who are
fired in retaliation for reporting their employers' violations of law that are detrimental to the public
good or society in general." Stinnett v. Williamson County Sheriff's Dep't, 858 S.W.2d 573, 575
(Tex. App.--Austin 1993, writ denied). As a remedial statute, we construe the Act liberally. Fuchs
v. Lifetime Doors, Inc., 939 F.2d 1275, 1281 (5th Cir. 1991).

 The cause of action created in the Whistleblower Act is purely statutory; it creates a
right and provides a remedy unknown to the common law of Texas. Hart, 917 S.W.2d at 782; City
of San Antonio v. Heim, 932 S.W.2d 287, 290 (Tex. App.--Austin 1996, writ denied). To prevail
on her claim under the Act, Hill must allege the existence of each of the following elements: (1) she
is a public employee; (2) she acted in good faith in making her report; (3) the report involved a
violation of law; (4) the report was made to an appropriate law enforcement authority; and (5) she
suffered retaliation as a result of making the report. See Tex. Gov't Code Ann. § 554.002(a); Heim,
932 S.W.2d at 290. Hill's petition alleged that she was a public employee, that she acted in good
faith in making the report, that her report involved a violation of law, that she made reports to a law
enforcement authority, and that she was forced to resign her position because of retaliation for her
report. (2) Viewing Hill's pleading under the appropriate standard of review, we conclude that it does
allege facts sufficient to invoke the jurisdiction of the trial court.

 Burnet County did not challenge the sufficiency of Hill's pleadings concerning the
first four elements. In its plea to the jurisdiction, Burnet County contended that Hill failed to plead
an "adverse personnel action" because her "allegations of constructive discharge [we]re insufficient
as a matter of law." In the alternative, Burnet County contended that "Plaintiff's allegations of a
hostile work environment after her alleged report of a violation of law are insufficient, as a matter
of law, to support a viable causal link between any adverse employment action that may be pled, and
the reporting of illegal conduct."

 In her petition, Hill asserted that she "was a public employee, working as a dispatcher
for the Burnet County Sheriff's Department." Hill further contended that she "acted in good faith
when she first reported to Captain Smith, Ms. Prew's immediate supervisor, her belief that Ms. Prew
was falsifying her time sheets." Hill also alleged that it was her "belief that falsifying government
documents, such as time sheets, was a violation of law." (3) When Smith failed to take action on Hill's
report, she "believed she had a duty to report what she believed in good faith was a violation of law
to the next law enforcement agency, the Burnet County district attorney's office," and that her reports
"were made to the appropriate law enforcement authorities." Finally, Hill made the following
allegations concerning retaliation:

Plaintiff suffered retaliation as a result of making the report by being singled out from
her male co-worker during the investigation. Plaintiff was pulled from her duty
station in front of and/or with the knowledge of the subject of the investigation, her
supervisor, to be interviewed for several hours by the Sheriff's Department
investigator and then had to return to her work station under the scrutiny of her
supervisor. Plaintiff was retaliated against when she was told that she would have
to take a polygraph test before the person under investigation, and her co-worker that
made the report, was not told he had to take a polygraph test. Plaintiff was further
retaliated against when she was given a confidentiality form and told that she had to
sign it within twenty-four (24) hours or face disciplinary action, including
termination and no one else was given such an ultimatum. Finally, Plaintiff suffered
retaliation when she was forced to resign her position because of the stress and
physical problems that arose from the hostile work environment and the retaliatory
conduct of Sheriff Department officials that occurred after she made a good faith
report of a violation of law by her supervisor to Captain Smith and the district
attorney's office.



 Taking the above alleged facts as true as we must, construing the pleadings in Hill's
favor, and looking to Hill's intent, we conclude the facts alleged by Hill in her petition are sufficient
to meet the pleading requirements and are sufficient to invoke the subject matter jurisdiction of the
district court. Taken as true, the petition reasonably conveys that Hill observed conduct by Prew that
she believed constituted a violation of law. After she reported the violation of law, the Sheriff's
Department retaliated against her, ultimately leading to her constructive discharge. Although the
facts alleged by Hill concerning retaliation are minimal, they do not affirmatively demonstrate that
she did not suffer retaliation. Nor do the facts alleged by Hill negate causation as a matter of law. 
We are not asked to decide whether Hill's Whistleblower claim lacks merit because the retaliatory
acts she alleged do not constitute a constructive discharge or because Hill cannot show that the
retaliation leading to her resignation would not have occurred but for her report; we are only asked
to determine whether her pleadings invoke the trial court's jurisdiction. Because the facts alleged
by Hill are sufficient to invoke the jurisdiction of the district court, we conclude that the district court
erred by granting Burnet County's plea to the jurisdiction.


CONCLUSION

 As they relate to her pleadings, we sustain Hill's issues on appeal. Accordingly, we
reverse the judgment of the district court and remand the cause for further proceedings.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel


Reversed and Remanded


Filed: September 12, 2002


Publish

1. Burnet County restates the issues more accurately as "[w]hether the trial court lacked
jurisdiction over Plaintiff's Whistleblower Act claim because Plaintiff's pleadings and the relevant
jurisdictional evidence establish, as a matter of law, that Plaintiff has not alleged an actionable
constructive discharge based on a report of an alleged violation of law."
2. In its brief, Burnet County concedes that "factual allegations of constructive discharge
may satisfy the 'termination' requirement under the Whistleblower Act."
3. In her petition, Hill cites to section 37.10(a)(1) of the Texas Penal Code: "A person
commits an offense if he knowingly makes a false entry in, or false alteration of, a governmental
record." Tex. Pen. Code Ann. § 37.10(a)(1) (West Supp. 2002).