NO. 07-03-0338-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 8, 2005



______________________________




POTTER COUNTY, TEXAS, APPELLANT



v.



MIKE PARTON, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 90,353-D; HON. DON EMERSON, PRESIDING



_______________________________



Before QUINN, C.J., REAVIS, J., and BOYD, S.J. (1)

 This is an interlocutory appeal from an order of the trial court denying appellant Potter
County's plea to the jurisdiction. The suit underlying the appeal was filed by appellee Mike
Parton (Parton) against Potter County under the Texas Whistleblower Act. For reasons we
discuss below, we reverse the denial of the plea to the jurisdiction, render judgment
dismissing the Whistleblower Act claim, and remand for further proceedings.


Background

 Mike Parton and Donnie Sutton were employees of the Potter County Road and
Bridge Department (the Department) during times relevant to this appeal. They obtained
Texas Jailer's Licenses to allow them to oversee inmates when inmates were assigned to
work for the Department. Neither Parton nor Sutton were licensed as peace officers, and
Sutton was not, and never had been, employed by the Potter County Sheriff's Department.

 Parton filed the underlying suit in which he alleged that in late August or early
September 2002, he reported to Sutton, at the time a supervisor with the Department, that
Wayne Cowart, Roger Cumpston and Sutton had committed theft by falsifying the time card
of another Department employee. Parton also claimed that he had reported that Cowart had
stolen gasoline from the Department.

 Parton contends that he made the reports to Sutton because some of the violations
involved his direct supervisor, Cowart, and because he knew that Sutton held a jailer's
license. He claims that he in good faith believed Sutton was authorized to investigate the
reported violations or, at a minimum, had a duty to report the violations to the sheriff's
department. Parton further contends that as a holder of a jailer's license, Sutton was a
"representative" of the sheriff's department regardless of the department for which he actually
worked.

 Parton's employment with the Department was terminated on October 15, 2002. He
filed suit against Potter County alleging that he was terminated in violation of Tex. Gov't Code
Ann. §§ 554.001-010 (Vernon 2004), commonly known as the Texas Whistleblower Act (the
Act). The Act prohibits governmental entities from suspending, terminating, or taking
adverse personnel action against a public employee who in good faith reports a violation of
law by the employing governmental entity or another public employee to an appropriate law
enforcement authority. See Tex. Gov't Code Ann. § 554.002(a) (Vernon 2004); Hill v. Burnet
County Sheriff's Dep't, 96 S.W.3d 436, 440-41 (Tex. App.-Austin 2002, pet. denied); Bexar
County v. Lopez, 94 S.W.3d 711, 713-14 (Tex. App.-San Antonio 2002, no pet.). 

 In its plea to the jurisdiction, Potter County asserted that Parton's claims were barred
by its sovereign immunity because the waiver of sovereign immunity contained in the Act
applied only to instances in which the county is liable for violations of the Act, Tex. Gov't
Code Ann. § 554.0035 (Vernon 2004), and Parton did not allege facts sufficient to show a
violation of the Act. Moreover, it alleged, Parton did not initiate the county's grievance
procedure before filing suit as required by § 554.006(a), nor did Parton report the violations
of law to an appropriate law enforcement authority. See Tex. Gov't Code Ann. § 554.002
(Vernon 2004). 

 In this interlocutory appeal, (2) Potter County presents three issues for our decision. 
Those issues are: 1) Parton's report to Sutton does not constitute a report made to an
appropriate law enforcement authority as required by § 554.002, 2) Parton did not initiate the
county's grievance procedure before filing suit as required by § 554.006, and 3) if the trial
court has no jurisdiction to hear Parton's Whistleblower Act claim, then his request for
declaratory judgment as to the jurisdictional elements of his Whistleblower Act claim is not
justiciable.


Law

 Subject matter jurisdiction is essential to the authority of a court to decide a case. 
Texas Ass'n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). A plea
to the jurisdiction questions a trial court's authority to consider the subject matter of a claim. 
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).

 The party suing a governmental entity has the burden of establishing that the
governmental entity has waived its sovereign immunity by reference to express legislative
or statutory permission. Travis County v. Pelzel & Assocs., Inc., 77 S.W.3d 246, 248 (Tex.
2002); Texas DOT v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). The Act does contain an
express waiver of sovereign immunity if the plaintiff presents a cause of action under the Act. 
Tex. Gov't Code Ann. § 554.0035 (Vernon 2004); Hill v. Burnet County Sheriff's Dep't, 96
S.W.3d at 440. If the plaintiff fails to allege facts stating a claim under the Act and the
evidence does not establish that the claim is within the scope of the statutory waiver of
immunity, the trial court is without subject matter jurisdiction. Nueces County v. Ferguson,
97 S.W.3d 205, 219 (Tex. App.-Corpus Christi 2002, no pet.); Texas S. Univ. v. Carter, 84
S.W.3d 787, 792 (Tex. App.-Houston [1st Dist.] 2002, no pet.).

 Because jurisdiction is a legal question, we review the trial court's determination as
to jurisdiction de novo. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 
In reviewing a plea to the jurisdiction, we construe the allegations in favor of the pleader,
accept the factual pleadings as true, and look to the pleader's intent. Texas Ass'n of
Business v. Texas Air Control Bd., 852 S.W2d at 446. We are not limited solely by the
pleadings, but we may consider evidence and must do so when necessary to resolve the
jurisdictional issues raised. Texas Natural Res. Conservation Comm'n v. White, 46 S.W.3d
864, 868 (Tex. 2001); Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d at 554.

 As we have noted, in its first issue, Potter County contends that Parton did not allege
that his report was made to an appropriate law enforcement authority as required by the Act,
and that no evidence supports a claim that he did so. See Tex. Gov't Code Ann.§ 554.002
(Vernon 2004). Whether Parton made his report to an appropriate law enforcement authority
is a question of law subject to de novo review. Tex. DOT v. Needham, 82 S.W.3d 314, 318
(Tex. 2002).

 A governmental entity is an appropriate law enforcement authority if it is part of a
federal, state, or local governmental entity that the employee in good faith believes is
authorized to regulate under, or enforce, the law alleged to have been violated or to
investigate or prosecute violations of the criminal law generally. Tex. Gov't Code Ann. §
554.002(b) (Vernon 2004). Parton contends that his report to Sutton was, in legal effect, a
report to the Potter County Sheriff's Department. He reasons that Sutton, as a licensed
jailer, acted in a dual capacity as both an employee of the Road and Bridge Department and
as a representative of the sheriff's department. He also contends that Sutton, as a jailer, was
authorized to personally investigate the report and had a duty to forward the reported
violations to the sheriff's department.

 Initially, we note that Parton does not contend that the Road and Bridge Department
is an appropriate law enforcement authority. Thus, whether Parton made his report to an
appropriate law enforcement authority depends upon whether his report to Sutton constituted
a report to a representative of the sheriff's department. See Tex. Gov't Code Ann. §
554.002(b)(2) (Vernon 2004); Robertson County v. Wymola, 17 S.W.3d 334, 341 (Tex.
App.-Austin 2000, pet. denied).

 Section 554.002(a) prohibits adverse personnel action against a public employee who
in good faith reports a violation of law to an appropriate law enforcement authority. For a
report to an individual to be a report to a law enforcement authority, the report must be made
to an individual who: 1) is in a position with the law enforcement authority to receive the
report or who has authority to receive the report on behalf of the law enforcement authority;
or 2) the reporting employee in good faith believes is in such a position or has such authority
on behalf of the law enforcement authority. See Tex. DOT v. Needham, 82 S.W.3d at 321.

 When feasible, terms used repeatedly in the same statute should be consistently
interpreted. Id.; Barr v. Bernhard, 562 S.W.2d 844, 849 (Tex. 1978). A "good faith belief"
under the Act has been held to include both subjective and objective components. See Tex.
DOT v. Needham, 82 S.W.3d at 321; Wichita County v. Hart, 917 S.W.2d 779, 784 (Tex.
1996). 

 Therefore, even if the specific recipient of a report is not actually in a position with the
authority to receive the report or authorized to receive the report on behalf of an appropriate
law enforcement authority, the reporting employee may still make a claim for a violation of
the Act if the employee: 1) has a subjective belief that either (a) the report is being made to
a person who is in a position to receive the report on behalf of the law enforcement authority,
or (b) the person to whom the report is being made is authorized to receive the report on
behalf of the entity; and 2) if the employee's belief is objectively reasonable in light of the
reporting employee's training and experience. See Tex. DOT v. Needham, 82 S.W.3d at
321; Wichita County v. Hart, 917 S.W.2d at 784. Assuming that Parton's allegation as to his
subjective belief that his report to Sutton was a report to the sheriff's department is sufficient
to satisfy the subjective component of the good faith test, Parton must also have alleged or
produced evidence that his belief was objectively reasonable in light of his training and
experience. See Tex. DOT v. Needham, 82 S.W.3d at 321; Wichita County v. Hart, 917
S.W.2d at 784.

 As to the objective reasonableness component, Parton references his pleading which
claims that his report to Sutton was a report to an appropriate law enforcement authority
because Sutton was obligated to report known criminal activity to the sheriff's department. 
However, all citizens have that same obligation to report known criminal activity to the police. 
Roberts v. United States, 445 U.S. 552, 557-58, 100 S.Ct. 1358, 1362-63, 63 L.Ed.2d 622
(1980). Parton neither alleges nor offers evidence that Sutton's licensure as a jailer for the
sole purpose of supervising prisoners working on projects for Potter County imposed a
greater obligation on him to report allegations of criminal activity to the sheriff's department
than the obligation of Parton or another citizen in instances in which the allegations are not
connected with prisoners working under county supervision. Thus, insofar as Parton's report
was concerned, the mere allegation that Sutton had a duty to report criminal wrongdoing to
the sheriff's department for investigation and prosecution under the law, without more, did
not constitute an allegation that Sutton was a representative of an appropriate law
enforcement authority under the Act. See Tex. DOT v. Needham, 82 S.W.3d at 320; City of
Houston v. Kallina, 97 S.W.3d 170, 173-74 (Tex. App.-Houston [14th Dist.] 2002, pet. dism'd).

 Parton also contends that Sutton's authority to investigate the reported violations
establishes that Parton's report was made to an appropriate law enforcement authority. 
However, Sutton was not a peace officer, was not functioning as a peace officer, was not an
employee of the sheriff's department, and was not acting in the capacity of a representative
of the sheriff's department. As we have noted, Sutton, as was Parton, was only licensed as
a jailer so he could supervise jail inmates while they were working for the department.

 Under this record, a reasonable person with Parton's knowledge, training, and
experience would not have believed that, under the circumstances presented, Sutton's being
licensed as a jailer vested Sutton with any more authority to investigate reported thefts
committed by employees of the Department than Sutton would have had as a County
Department Supervisor. The report to Sutton did not objectively constitute a report made to
an appropriate law enforcement authority. Additionally, Sutton, as a person identified in
Parton's alleged report as a participant in the illegal activity being reported, would not be
viewed by a reasonable person with Parton's training and experience as a person in a
position to receive, or be actually authorized by the sheriff's department to receive, Parton's
report. That being so, Parton's alleged belief that his report to Sutton was a report to a
representative of the sheriff's department was not objectively reasonable.

 Parton cites and relies upon Robertson County v. Wymola as support for his
contention that he reported to an appropriate law enforcement authority. However, in that
case, the county conceded that the sheriff's department received the reported law violation. 
Robertson County v. Wymola, 17 S.W.3d at 340. Indeed, in that case, the county's
contention was that the sheriff's department was not an appropriate law enforcement
authority. Id. Thus, the Wymola court did not address the issue presented to us and is
distinguishable.

 Because Parton's allegations and evidence did not show an objectively reasonable
belief that he reported a violation of law to an appropriate law enforcement authority as
required by § 554.002(a), the Act's waiver of sovereign immunity was not applicable to
Parton's claim. That being true, the trial court lacked subject matter jurisdiction over the
Whistleblower claim. That determination pretermits the necessity for us to discuss the
County's second issue as to its grievance procedures. See Tex. R. App. P. 47.1.

 Our appellate jurisdiction extends to cases in which a final judgment or some other
appealable order has been entered or where a statute specifically authorizes an interlocutory
appeal. Stary v. DeBord, 967 S.W.2d 352, 352-53 (Tex. 1998); Cherokee Water Co. v. Ross,
698 S.W.2d 363, 365 (Tex. 1985).

 Accordingly, our conclusion that the trial court erred in denying Potter County's claim
to the jurisdiction requires that we do hereby dismiss Parton's Whistleblower Act claim for
want of jurisdiction. The remainder of the underlying suit is remanded to the trial court for
further proceedings.


 Per Curiam
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 
2. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8)(Vernon Supp. 2004-05). 



etermining that TDPRS' second suit did not have to be dismissed because new
facts were alleged in the second suit, the majority opinion references language of In re
T.M., 33 S.W.3d at 347 and In re Ruiz, 16 S.W.3d 921, 927 (Tex. App.--Waco 2000, no
pet.). However, the Simmons are not complaining that TDPRS improperly maintained
possession of L.J.S. via the emergency order signed on May 7th. Nor do they urge that
TDPRS' possession of L.J.S. throughout the proceedings was improper because TDPRS'
possession of L.J.S. was based on the same facts and grounds as the first suit. See In re
T.M., 33 S.W.3d at 347; In re Ruiz, 16 S.W.3d at 927. 

 Section 263.401 does not require trial courts to determine that a subsequent suit is
based on "new facts" of some timing and character, or to otherwise dismiss the suit. 
Regardless of whether new facts were pled and regardless of the nature of any new facts
pled, the plain language of Section 263.401 neither precluded TDPRS from filing the
second suit seeking to terminate the Simmons' parent-child relationship with L.J.S., nor
mandated dismissal of the second suit. Thus, I concur in the result reached by the
majority. 

 Phil Johnson

 Chief Justice


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Govt. Code
Ann. §75.002(a)(1) (Vernon Supp. 2002).
2. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.