NO. 07-03-0338-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 8, 2005

_____


POTTER COUNTY, TEXAS, APPELLANT

v.

MIKE PARTON, APPELLEE


_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 90,353-D; HON. DON EMERSON, PRESIDING

_____

Before QUINN, C.J., REAVIS, J., and BOYD, S.J.[1]

        This is an interlocutory appeal from an order of the trial court denying appellant Potter County's plea to the jurisdiction. The suit underlying the appeal was filed by appellee Mike Parton (Parton) against Potter County under the Texas Whistleblower Act. For reasons we discuss below, we reverse the denial of the plea to the jurisdiction, render judgment dismissing the Whistleblower Act claim, and remand for further proceedings.

_____

        [1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

Background

Mike Parton and Donnie Sutton were employees of the Potter County Road and Bridge Department (the Department) during times relevant to this appeal. They obtained Texas Jailer's Licenses to allow them to oversee inmates when inmates were assigned to work for the Department. Neither Parton nor Sutton were licensed as peace officers, and Sutton was not, and never had been, employed by the Potter County Sheriff's Department.

Parton filed the underlying suit in which he alleged that in late August or early September 2002, he reported to Sutton, at the time a supervisor with the Department, that Wayne Cowart, Roger Cumpston and Sutton had committed theft by falsifying the time card of another Department employee. Parton also claimed that he had reported that Cowart had stolen gasoline from the Department.

Parton contends that he made the reports to Sutton because some of the violations involved his direct supervisor, Cowart, and because he knew that Sutton held a jailer's license. He claims that he in good faith believed Sutton was authorized to investigate the reported violations or, at a minimum, had a duty to report the violations to the sheriff's department. Parton further contends that as a holder of a jailer's license, Sutton was a "representative" of the sheriff's department regardless of the department for which he actually worked.

Parton's employment with the Department was terminated on October 15, 2002. He filed suit against Potter County alleging that he was terminated in violation of Tex. Gov't Code Ann. §§ 554.001-010 (Vernon 2004), commonly known as the Texas Whistleblower Act (the Act). The Act prohibits governmental entities from suspending, terminating, or taking adverse personnel action against a public employee who in good faith reports a violation of

2

law by the employing governmental entity or another public employee to an appropriate law enforcement authority. *See* Tex. Gov't Code Ann. § 554.002(a) (Vernon 2004); *Hill v. Burnet County Sheriff's Dep't*, 96 S.W.3d 436, 440-41 (Tex. App.–Austin 2002, pet. denied); *Bexar County v. Lopez,* 94 S.W.3d 711, 713-14 (Tex. App.–San Antonio 2002, no pet.).

In its plea to the jurisdiction, Potter County asserted that Parton's claims were barred by its sovereign immunity because the waiver of sovereign immunity contained in the Act applied only to instances in which the county is liable for violations of the Act, Tex. Gov't Code Ann. § 554.0035 (Vernon 2004), and Parton did not allege facts sufficient to show a violation of the Act. Moreover, it alleged, Parton did not initiate the county's grievance procedure before filing suit as required by § 554.006(a), nor did Parton report the violations of law to an appropriate law enforcement authority. *See* Tex. Gov't Code Ann. § 554.002 (Vernon 2004).

In this interlocutory appeal,[2] Potter County presents three issues for our decision. Those issues are: 1) Parton's report to Sutton does not constitute a report made to an appropriate law enforcement authority as required by § 554.002, 2) Parton did not initiate the county's grievance procedure before filing suit as required by § 554.006, and 3) if the trial court has no jurisdiction to hear Parton's Whistleblower Act claim, then his request for declaratory judgment as to the jurisdictional elements of his Whistleblower Act claim is not justiciable.

Law

---

[2] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8)(Vernon Supp. 2004-05).

3

Subject matter jurisdiction is essential to the authority of a court to decide a case. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A plea to the jurisdiction questions a trial court's authority to consider the subject matter of a claim. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

The party suing a governmental entity has the burden of establishing that the governmental entity has waived its sovereign immunity by reference to express legislative or statutory permission. *Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 248 (Tex. 2002); *Texas DOT v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). The Act does contain an express waiver of sovereign immunity if the plaintiff presents a cause of action under the Act. Tex. Gov't Code Ann. § 554.0035 (Vernon 2004); *Hill v. Burnet County Sheriff's Dep't,* 96 S.W.3d at 440. If the plaintiff fails to allege facts stating a claim under the Act and the evidence does not establish that the claim is within the scope of the statutory waiver of immunity, the trial court is without subject matter jurisdiction. *Nueces County v. Ferguson*, 97 S.W.3d 205, 219 (Tex. App.–Corpus Christi 2002, no pet.); *Texas S. Univ. v. Carter*, 84 S.W.3d 787, 792 (Tex. App.–Houston [1st Dist.] 2002, no pet.).

Because jurisdiction is a legal question, we review the trial court's determination as to jurisdiction *de novo*. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). In reviewing a plea to the jurisdiction, we construe the allegations in favor of the pleader, accept the factual pleadings as true, and look to the pleader's intent. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W2d at 446. We are not limited solely by the pleadings, but we may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Texas Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001); *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d at 554.

4

As we have noted, in its first issue, Potter County contends that Parton did not allege that his report was made to an appropriate law enforcement authority as required by the Act, and that no evidence supports a claim that he did so. *See* Tex. Gov't Code Ann.§ 554.002 (Vernon 2004). Whether Parton made his report to an appropriate law enforcement authority is a question of law subject to *de novo* review. *Tex. DOT v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002).

A governmental entity is an appropriate law enforcement authority if it is part of a federal, state, or local governmental entity that the employee in good faith believes is authorized to regulate under, or enforce, the law alleged to have been violated or to investigate or prosecute violations of the criminal law generally. Tex. Gov't Code Ann. § 554.002(b) (Vernon 2004). Parton contends that his report to Sutton was, in legal effect, a report to the Potter County Sheriff's Department. He reasons that Sutton, as a licensed jailer, acted in a dual capacity as both an employee of the Road and Bridge Department and as a representative of the sheriff's department. He also contends that Sutton, as a jailer, was authorized to personally investigate the report and had a duty to forward the reported violations to the sheriff's department.

Initially, we note that Parton does not contend that the Road and Bridge Department is an appropriate law enforcement authority. Thus, whether Parton made his report to an appropriate law enforcement authority depends upon whether his report to Sutton constituted a report to a representative of the sheriff's department. *See* Tex. Gov't Code Ann. § 554.002(b)(2) (Vernon 2004); *Robertson County v. Wymola*, 17 S.W.3d 334, 341 (Tex. App.–Austin 2000, pet. denied).

5

Section 554.002(a) prohibits adverse personnel action against a public employee who in good faith reports a violation of law to an appropriate law enforcement authority. For a report to an individual to be a report to a law enforcement authority, the report must be made to an individual who: 1) is in a position with the law enforcement authority to receive the report or who has authority to receive the report on behalf of the law enforcement authority; or 2) the reporting employee in good faith believes is in such a position or has such authority on behalf of the law enforcement authority. *See Tex. DOT v. Needham*, 82 S.W.3d at 321.

When feasible, terms used repeatedly in the same statute should be consistently interpreted. *Id.*; *Barr v. Bernhard*, 562 S.W.2d 844, 849 (Tex. 1978). A "good faith belief" under the Act has been held to include both subjective and objective components. *See Tex. DOT v. Needham*, 82 S.W.3d at 321; *Wichita County v. Hart*, 917 S.W.2d 779, 784 (Tex. 1996).

Therefore, even if the specific recipient of a report is not actually in a position with the authority to receive the report or authorized to receive the report on behalf of an appropriate law enforcement authority, the reporting employee may still make a claim for a violation of the Act if the employee: 1) has a subjective belief that either (a) the report is being made to a person who is in a position to receive the report on behalf of the law enforcement authority, or (b) the person to whom the report is being made is authorized to receive the report on behalf of the entity; and 2) if the employee's belief is objectively reasonable in light of the reporting employee's training and experience. *See Tex. DOT v. Needham*, 82 S.W.3d at 321; *Wichita County v. Hart,* 917 S.W.2d at 784. Assuming that Parton's allegation as to his subjective belief that his report to Sutton was a report to the sheriff's department is sufficient to satisfy the subjective component of the good faith test, Parton must also have alleged or

6

produced evidence that his belief was objectively reasonable in light of his training and experience. *See Tex. DOT v. Needham*, 82 S.W.3d at 321; *Wichita County v. Hart*, 917 S.W.2d at 784.

As to the objective reasonableness component, Parton references his pleading which claims that his report to Sutton was a report to an appropriate law enforcement authority because Sutton was obligated to report known criminal activity to the sheriff's department. However, *all* citizens have that same obligation to report known criminal activity to the police. *Roberts v. United States*, 445 U.S. 552, 557-58, 100 S.Ct. 1358, 1362-63, 63 L.Ed.2d 622 (1980). Parton neither alleges nor offers evidence that Sutton's licensure as a jailer for the sole purpose of supervising prisoners working on projects for Potter County imposed a greater obligation on him to report allegations of criminal activity to the sheriff's department than the obligation of Parton or another citizen in instances in which the allegations are not connected with prisoners working under county supervision. Thus, insofar as Parton's report was concerned, the mere allegation that Sutton had a duty to report criminal wrongdoing to the sheriff's department for investigation and prosecution under the law, without more, did not constitute an allegation that Sutton was a representative of an appropriate law enforcement authority under the Act. *See Tex. DOT v. Needham*, 82 S.W.3d at 320; *City of Houston v. Kallina*, 97 S.W.3d 170, 173-74 (Tex. App.–Houston [14th Dist.] 2002, pet. dism'd).

Parton also contends that Sutton's authority to investigate the reported violations establishes that Parton's report was made to an appropriate law enforcement authority. However, Sutton was not a peace officer, was not functioning as a peace officer, was not an employee of the sheriff's department, and was not acting in the capacity of a representative

7

of the sheriff's department. As we have noted, Sutton, as was Parton, was only licensed as a jailer so he could supervise jail inmates while they were working for the department.

Under this record, a reasonable person with Parton's knowledge, training, and experience would not have believed that, under the circumstances presented, Sutton's being licensed as a jailer vested Sutton with any more authority to investigate reported thefts committed by employees of the Department than Sutton would have had as a County Department Supervisor. The report to Sutton did not objectively constitute a report made to an appropriate law enforcement authority. Additionally, Sutton, as a person identified in Parton's alleged report as a participant in the illegal activity being reported, would not be viewed by a reasonable person with Parton's training and experience as a person in a position to receive, or be actually authorized by the sheriff's department to receive, Parton's report. That being so, Parton's alleged belief that his report to Sutton was a report to a representative of the sheriff's department was not objectively reasonable.

Parton cites and relies upon *Robertson County v. Wymola* as support for his contention that he reported to an appropriate law enforcement authority. However, in that case, the county conceded that the sheriff's department received the reported law violation. *Robertson County v. Wymola*, 17 S.W.3d at 340. Indeed, in that case, the county's contention was that the sheriff's department was not an appropriate law enforcement authority. *Id*. Thus, the *Wymola* court did not address the issue presented to us and is distinguishable.

Because Parton's allegations and evidence did not show an objectively reasonable belief that he reported a violation of law to an appropriate law enforcement authority as required by § 554.002(a), the Act's waiver of sovereign immunity was not applicable to

8

Parton's claim. That being true, the trial court lacked subject matter jurisdiction over the Whistleblower claim. That determination pretermits the necessity for us to discuss the County's second issue as to its grievance procedures. *See* Tex. R. App. P. 47.1.

Our appellate jurisdiction extends to cases in which a final judgment or some other appealable order has been entered or where a statute specifically authorizes an interlocutory appeal. *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998); *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex. 1985).

Accordingly, our conclusion that the trial court erred in denying Potter County's claim to the jurisdiction requires that we do hereby dismiss Parton's Whistleblower Act claim for want of jurisdiction. The remainder of the underlying suit is remanded to the trial court for further proceedings.

Per Curiam