Opinion issued June 30, 2005









     





In The
Court of Appeals
For The
First District of Texas




NO. 01–04–00828-CV




THE UNIVERSITY OF HOUSTON, Appellant

V.

STEPHEN BARTH, Appellee




On Appeal from the 113th District Court 
Harris County, Texas
Trial Court Cause No. 2001-34089




O P I N I O N

          This is an interlocutory appeal of the trial court’s denial of appellant’s, the
University of Houston (UH), plea to the jurisdiction.


 Appellee, Stephen Barth, a
tenured professor at the UH Conrad N. Hilton College of Hotel Management (Hilton
College), filed suit against UH under the Whistleblower Act,


 contending that his
supervisor retaliated against him after Barth reported alleged accounting violations.
          In seven issues, UH contends that the trial court erred in denying its plea and
supplemental plea to the jurisdiction because (1) Barth did not timely file all of his
grievances, (2) Barth did not timely file suit, and (3) several of the acts complained of
were not “adverse personnel actions” as defined in the Whistleblower Act.
Factual & Procedural Background
          Barth is a tenured professor at Hilton College. In 1998, one of Barth’s
colleagues told him that Alan Stutts, Dean of Hilton College, was pressuring him to
perform what he termed “questionable” accounting transactions and practices. Barth
reported these alleged violations to (among others) UH Provost Ed Sheridan and UH’s
general counsel. On January 14, 2000, Barth discovered he had been denied a 1999
merit raise he contends he deserved under the merit evaluation guidelines. Barth filed
a grievance on March 10, 2000. On August 17, 2000, two weeks after receiving final
notice that he would not be given a 2000 merit raise, Barth filed his second grievance. 
On November 21, 2000, Barth filed a third grievance. Eventually, the second and third
grievances were consolidated into a single grievance. Barth complained that, as
retaliation for reporting accounting irregularities, Stutts: (1) attempted to breach
Barth’s supplementary compensation agreement; (2) intimidated Barth’s assistant and
other faculty members with whom Barth worked closely; (3) denied Barth travel
money; (4) wrote an arbitrary and capricious evaluation of Barth’s performance; (5)
withdrew support for Barth’s academic initiatives; (6) encouraged an associate to file
a false discrimination claim against him; (7) alienated the students and faculty from
Barth; (8) excluded Barth from an on-line graduate program; (8) excluded Barth from
internal and external communications; and (9) defamed Barth before students and
faculty.
          The provost responded in part to the first grievance on May 31, 2000 and
responded to the second and third grievances, and the issues remaining from the first
grievance, in a letter dated June 5, 2001. Barth filed suit on July 5, 2001. However,
correspondence between Barth and the provost continued until the fall. Although the
provost noted in his June 5 letter that “[S]ince you have chosen not to appeal any of the
Grievance Committee recommendations to me, I now regard this grievance procedure
as ended,” Barth responded on June 18 with a request for just such an appeal. In a
letter dated September 5, 2001, the provost noted, “[I]n response to your statement that
the grievance process has been concluded, I wish to state it is not concluded, at least
not due to any action or decision on my part.”
          There was no further action taken in regard to Barth’s grievances and the suit
went forward. After the trial court denied UH’s plea and supplemental plea to the
jurisdiction, this interlocutory appeal ensued.
Plea to the Jurisdiction
          A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack
of subject-matter jurisdiction. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554
(Tex. 2000). Subject-matter jurisdiction is essential to the authority of a court to decide
a case. See Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 
Governmental immunity from suit defeats a trial court’s jurisdiction and so it may be
raised by a plea to the jurisdiction. See Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636,
639 (Tex. 1999). 
          Nature of Provisions of Whistleblower Act
          As a preliminary matter, we address Barth’s contention that this Court has no
jurisdiction to consider this appeal because the trial court could not entertain UH’s plea
to the jurisdiction as a matter of law. Based on the Texas Supreme Court’s decision in
Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex. 2000), in which the Supreme
Court determined that the failure to allege and prove a statutory prerequisite to a
statutory cause of action was not a jurisdictional defect, Barth contends that the
limitations provision and grievance requirements of the Whistleblower Act are likewise
not jurisdictional. 
          In making this argument, Barth relies on authority in which our sister appellate
courts held that the provisions of the Whistleblower Act are not jurisdictional and asks
us to overrule this Court’s decision to the contrary in a case directly on point here. See
Tex. S. Univ. v. Carter, 84 S.W.3d 787, 792 (Tex. App.—Houston [1st Dist.] 2002, no
pet.) (holding that statutory prerequisite that plaintiff in Whistleblower action timely
initiate grievance before filing suit is jurisdictional issue that may be challenged by
plea to jurisdiction). We recognize that other courts of appeal have applied Kazi to the
Whistleblower Act and held that its statutory prerequisites are not jurisdictional. See,
e.g., Univ. of Houston v. Ethlon, 9 S.W.3d 351 (Tex. App.—Houston [14th Dist.] 1999,
pet. dism’d w.o.j.); Castleberry Indep. Sch. Dist. v. Doe, 35 S.W.3d 777 (Tex.
App.—Fort Worth 2001, pet. dism’d w.o.j.); Tex. Dep’t of Mental Health & Mental
Retardation v. Olofsson, 59 S.W.3d 831 (Tex. App.—Austin, 2001, pet. dism’d). 
However, none of the cases addressing whether the Whistleblower Act’s provisions are
jurisdictional has been reviewed by the Texas Supreme Court. In University of Texas
Southwestern Medical Center at Dallas v. Loutzenhiser, 140 S.W.3d 351, 360 (Tex.
2004), the Texas Supreme Court, in addressing whether certain provisions of the Tort
Claims Act


 were jurisdictional, distinguished a statutory presentment provision from
a statutory exhaustion of remedies provision, noting that an exhaustion requirement
seeks to ensure that “the appropriate body adjudicates the dispute—the hallmark of a
jurisdictional statute.” Id. at 361 (citing Essenburg v. Dallas County, 988 S.W.2d 188,
189 (Tex. 1998)). The Whistleblower Act requires initiation of remedies via the
governmental entity’s grievance or appeal procedure before a party may file suit, but
does not require exhaustion of remedies. See Tex. Gov’t Code Ann. § 554.006
(Vernon 2004). Thus, whether the Act’s requirements are jurisdictional is open to
question. But this question has not yet been directly answered; rather, the court has
expressly refrained from answering it. See Univ. of Tex. Med. Branch at Galveston v.
Barrett, 159 S.W.3d 631, 632 (Tex. 2005) (observing “[W]e need not decide here
whether the failure to meet these requirements [of section 554.006] deprives the court
of jurisdiction over the action.”). Accordingly, Carter, which is directly on point and
in which this Court held—albeit for reasons not applicable here—that the requirements
of section 554.006 are jurisdictional, governs disposition of the issue in the case before
us. See Carter, 84 S.W.3d at 792; accord Harris County v. Lawson, 122 S.W.3d 276,
281 (Tex. App.—Houston [1st Dist] 2003, pet. denied) disapproved of on other
grounds by Barrett, 159 S.W.3d at 633) (following holding in Carter and reiterating
that Kazi did not overrule Hohman). 
          We therefore hold that the limitations provisions in the Whistleblower Act are
jurisdictional; thus, we examine UH’s plea to the jurisdiction to determine whether the
trial court erred in denying the plea.
 
          Standards of Review
          Because subject-matter jurisdiction presents a question of law, we review the
district court’s decision de novo. Mayhew, 964 S.W2d at 928. In reviewing a trial
court’s ruling on a plea to the jurisdiction, we do not look at the merits of the case;
rather, we construe the pleadings in favor of the plaintiff, look to the pleader’s intent,
and accept the pleadings’ factual allegations as true. Tex. Ass’n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). We indulge every reasonable inference
and resolve any doubts in the nonmovant’s favor. See Sci. Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 911 (Tex. 1997). However, if a plea to the jurisdiction challenges the
existence of jurisdictional facts, we consider relevant evidence submitted by the parties
when necessary to resolve the jurisdictional issues raised, as the trial court is required
to do. See Bland, 34 S.W.3d at 555 (confining evidentiary review to evidence that is
relevant to jurisdictional issue). When the consideration of a trial court’s subject matter
jurisdiction requires the examination of evidence, the trial court exercises its discretion
in deciding whether the jurisdictional determination should be made at a preliminary
hearing or await a fuller development of the case, mindful that this determination must
be made as soon as practicable. Id. at 554. If the evidence creates a fact question
regarding the jurisdictional issue, then the trial court cannot grant the plea to the
jurisdiction, and the fact issue should be resolved by the fact finder. See Tex. Dep’t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 227–28 (Tex. 2004). 
          The Whistleblower Act prohibits retaliation against public employees who, in
good faith, report violations of law by their employers. Tex. Gov’t Code Ann.
§ 554.002 (Vernon 2004). Because the statute is remedial in nature, we construe its
provisions liberally to effectuate its legislative purpose—to enhance openness in
government and compel the government’s compliance with the law by protecting those
who inform authorities of wrongdoing. See Castaneda v. Tex. Dep’t of Agric., 831
S.W.2d 501, 503 (Tex. App.—Corpus Christi 1992, writ denied).
          Time Limits
          In its second, fourth, and fifth issues, UH contends Barth did not timely file his
grievances. In making this argument, UH focuses solely on the date that each alleged
adverse personnel action occurred. However, the Whistleblower Act requires an
employee, before filing suit, to initiate action under the grievance procedure of the
employer before filing suit, “not later than the 90th day after the date on which the
alleged violation of this chapter: (1) occurred; or (2) was discovered by the employee
through reasonable diligence. Tex. Gov’t Code Ann. § 554.006 (a), (b). Barth argues
that, at a minimum, there is a fact issue as to whether Barth should have filed his
grievances earlier. We agree. The continuing-violation doctrine has been applied to
the Whistleblower Act. See Univ. of Tex.—Pan Am. v. De Los Santos, 997 S.W.2d 817,
820 (Tex. App.—Corpus Christi 1999, no pet.). Under this doctrine, the focus is on
what event, in fairness and in logic, should have alerted the average layman to protect
his rights. See Glass v. Petro-Tex Chem. Corp., 757 F.2d 1554, 1560 (5th Cir. 1985). 
There are sufficient factual allegations in Barth’s pleadings that could invoke the
continuing-violation doctrine; whether that doctrine applies and which acts triggered
the 90-day limitations period are issues that should be resolved by the trier of fact. See
Hill v. Burnet County Sheriff’s Dep’t, 96 S.W.3d 436, 442 (Tex. App.—Austin 2002,
pet. denied) (noting that court, in reviewing ruling on plea to jurisdiction, only
determines whether plaintiff’s pleadings are sufficient to invoke jurisdiction).
          In its first issue, UH argues that Barth did not timely file suit. The
Whistleblower Act provides that, “if a final decision is not rendered before the 61st day
after the date procedures are initiated . . . the employee may elect to (1) exhaust the
applicable procedures” and sue not later than the 30th day after exhausting them or (2)
terminate the procedures initiated and sue within the time remaining of the 90-day
limitations period. See Tex. Gov’t Code Ann. § 554.006(d). Here, 90 days had long
since elapsed, thus Barth’s only choice was to bring suit not later than the 30th day
after exhausting the grievance procedures. 
          Although UH contends that the procedure was exhausted on May 31, 2000, when
the provost sent his initial letter to Barth, the record does not entirely support this
contention. It was not until the letter of June 5, 2001 that the provost wrote, “I now
regard this grievance procedure as ended.” A reasonable inference from this comment
is that the grievance procedure was not ended before the provost wrote this letter. 
Because appellant filed suit on July 5, therefore, his suit was timely. If the continuing
correspondence between Barth and the provost did not prolong the process, and if the
provost’s remark in his letter, dated September 5, 2001, that “I wish to state it [the
grievance procedure] is not concluded, at least not due to any action or decision on my
part” likewise had no effect on whether the procedure was exhausted, UH still cannot
prevail. In Lawson, this Court held that, as statutory prerequisites to filing a
Whistleblower lawsuit, an employee who timely initiates the grievance procedure is
entitled to file suit after giving the employer at least 60 days to reach a final decision. 
122 S.W.3d at 283–84. Barth filed suit after 60 days had elapsed, and 30 days after
receiving a letter in which the provost decreed the process finished.
          We hold that the fact issues present in the questions of timely grieving and
timely filing in this case precluded the trial court from granting the plea to the
jurisdiction on the basis of limitations. See Miranda, 133 S.W.3d at 227-28 (holding
that if evidence creates fact question regarding jurisdiction, trial court cannot grant plea
to jurisdiction, and the fact issue should be resolved by fact finder).
          We overrule the first, second, fourth, and fifth issues.
          Adverse Personnel Actions
          In its third and sixth issues, UH contends that the trial court lacked subject-matter jurisdiction because the actions about which Barth complained were not adverse
personnel actions. In its seventh issue, it contends that sovereign immunity shields it
from liability for defamation.
          The Whistleblower Act defines an adverse personnel action as “an action that
affects a public employee’s compensation, promotion, demotion, transfer, work
assignment, or performance evaluation.” Tex. Gov’t Code Ann. § 554.001(3)
(Vernon 2004). This is a broad definition, as has been recognized by the courts. See,
e.g., Tex. Dep’t of Mental Health & Mental Retardation v. Rodriguez, 63 S.W.3d 475,
481 (Tex. App.—San Antonio 2001, pet. denied) (rejecting state agency’s narrow
construction of what constituted adverse personnel action). Any of the acts about
which Barth complained in his grievances, and which underlie his suit, could
reasonably be construed by a jury to be acts that, although only indirectly in some
instances, “affected” Barth’s “compensation, promotion, demotion, transfer, work
assignment, or performance evaluation.” We further note that Barth did not file a cause
of action for defamation; rather he contended that his supervisor’s defamatory remarks
were one of the actions that affected his employment.
          As in the question of limitations, which (if any) of the acts about which Barth
complains constituted adverse personnel actions is a contested fact issue that should
be resolved by the trier of fact. See Hill, 96 S.W.3d at 442 (court did not need to
determine whether retaliatory acts constituted constructive discharge, thus were not
adverse action; court needed only to determine whether pleadings invoked trial court’s
jurisdiction); see also Miranda, 133 S.W.3d 227–28.
          We overrule the third, sixth, and seventh issues.
          We affirm the trial court’s denial of UH’s plea to the jurisdiction and
supplemental plea to the jurisdiction.
 
 
                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Higley and Bland.
Justice Bland concurring.