TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellant,

v.

Terry L. TERRELL, Appellee.

No. 12–99–00054–CV.

Court of Appeals of Texas, Tyler.

April 28, 2000.

---

Adrian L. Young, Austin, for appellant.

Robert J. Thomas, Houston, for appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

ROBY HADDEN, Justice.

The Texas Department of Criminal Justice ("TCDJ") appeals from a judgment in a whistleblower case. Terry L. Terrell ("Terrell") sued TDCJ, his former employer, alleging that TDCJ violated the Texas Whistleblower Act[1] by terminating him for reporting violations of law in good faith. The trial court rendered judgment on a jury verdict awarding Terrell actual damages of $153,670.00, court costs, attorney's fees and pre- and post-judgment interest. In issue one, TDCJ argues that the trial court erred in rendering judgment for Terrell because the jury found that Terrell did not report a violation of law in good faith when he reported suspected illegal conduct by Andy Collins ("Collins"), former Director of the Texas Department of Criminal Justice–Institutional Division ("TDCJ–ID"). In issue two, TDCJ challenges the legal sufficiency of the evidence to support the jury's finding that Terrell reported a "violation of law" when he reported the alleged illegal conduct. Because we conclude that Terrell failed to present evidence showing that he acted in good faith when he reported the suspected illegal conduct, we reverse the trial court's judgment and render judgment that Terrell recover nothing against TDCJ.

---

1. *See* Act of May 22, 1993, 73rd Leg., R.S., ch. 268, § 1, 1993 Tex. Gen. Laws 583, 609–11 (Tex. Govt.Code Ann. §§ 554.001–009, since amended) ("Former Act").

## BACKGROUND

At the relevant time, the Whistleblower Act prohibited retaliation against public employees who reported violations of law in good faith. It provided as follows:

A state agency or local governmental may not suspend or terminate the employment of or discriminate against a public employee who in good faith reports a violation of law to an appropriate law enforcement authority.

Former Act § 554.002. This case is before us a second time on appeal. On July 24, 1991, Terrell was terminated by TDCJ. Prior to his termination, Terrell was employed as warden of Beto I, the largest prison unit of TDCJ–ID. In the first trial of this cause,[2] Terrell alleged that TDCJ terminated him because he reported "violations of law" primarily by his immediate supervisor, former Northern Regional Director of the TDCJ–ID, Marshall Herklotz. Our first opinion in this cause details in this cause details Terrell's allegations against Herklotz. *Texas Department of Criminal Justice v. Terrell*, 925 S.W.2d 44 (Tex.App.—Tyler 1995, no writ). The jury returned a verdict in favor of Terrell. On appeal, we concluded that the evidence was factually insufficient to support the jury's finding that Terrell reported violations of law in good faith. Accordingly, we remanded the cause for a new trial. *Id.* at 61–62.

On re-trial, rather than focusing on Herklotz, Terrell focused on allegations of illegal conduct by Collins. The evidence in the second trial showed that on May 16, 1991 Terrell met with Selden Hale ("Hale"), Chairman of the Texas Board of Criminal Justice. During this meeting,[3] Terrell informed Hale that Collins had a girlfriend and that the two traveled togeth-er on state business. He told Hale that they went to conferences and that they "roomed next to one another." Hale asked if Terrell had any evidence to "back the allegation of this relationship." Terrell stated that he did not, but that every warden in the system knew of the relationship and that "it could check with any of them." Terrell also informed Hale that when Collins was a warden, he kept a girl on the payroll "when her time ran out because she was his girlfriend." When asked how he knew this, Terrell responded "word of mouth" and noted that "it is amazing what you can learn about a person when you take over their unit." Further, Terrell told Hale that Collins was a "liar, a very good liar and a bad administrator." On appeal, Terrell contends that Collins' "falsification of payroll records and/or misappropriation of travel funds" constituted possible "violations of law" and that he reported Collins' conduct to Hale in good faith.[4]

## GOOD FAITH

In issue one, TDCJ argues that the trial court erred in rendering judgment for Terrell because the jury found that Terrell did not report a violation of law in good faith when he reported Collins' alleged violation of law. The elements of a cause of action under the Whistleblower Act, at the time relevant here, were as follows: (1) a state agency or local government (2) suspends, discharges or discriminates (3) against a public employee (4) who reports in good faith a violation of law (5) to an appropriate law enforcement authority. *City of San Antonio v. Heim*, 932 S.W.2d 287, 290 (Tex.App.—Austin 1996, writ de-

---

2. The Former Act was applicable in the first trial and it is also applicable here.

3. Notes of this meeting were taken by a third-party.

4. In his brief, Terrell seems to assert that he reported "violations of law" in a letter he sent to Hale and in a letter he sent to former Governor Ann Richards. Having reviewed these letters, we cannot find any mention of the allegations against Collins that Terrell reported in his meeting with Hale. In his brief, Terrell relies only on the allegations against Collins he reported in his meeting with Hale to show possible "violations of law."

nied). In the charge, the jury answered the following questions:[5]

### Question 1

Do you find from a preponderance of the evidence that Terry Terrell reported one or more incidents involving a violation of law?

"Law" as used herein means a state or federal statute, an ordinance passed by a local governmental body, or a rule adopted under a statute or an ordinance.

In order to be a "violation of law" as used herein any such incident reported must also be one that would have a probable adverse effect upon the public good or society in general.

Answer: Yes

### Question 2

Do you find from a preponderance of the evidence that Terry Terrell reported one or more incidents that may not have constituted a "violation of law" under the instruction of No. 1 above; but, nevertheless were made in good faith?

"Good faith" as used herein means (1) that the employee undertook to report the activities in the work place in good faith rather than as a result of some less admirable motive such as malice, spite, personality conflict, jealousy, or personal gain; and (2) the employee had reasonable cause to believe that the activities would have a probable adverse effect on the public; and (3) the employee's belief was reasonable in light of his training and experience.

Answer: No

If you answer affirmatively to Question 1 and/or Question 2, then answer the following question. Otherwise, do not answer the following question.

### Question 3

Was the Texas Department of Criminal Justice's decision to demote or transfer or terminate Terry Terrell because of said report or reports inquired about in Question 1 and/or Question 2.

Answer: Yes.

Based on its affirmative response to question three, the jury also answered questions four and five, which concerned damages and attorney's fees. After the jury returned its verdict, TDCJ moved for judgment on the verdict arguing that the jury's response to question two constituted a finding that Terrell did not report a violation of law in good faith. TDCJ argued, therefore, that a judgment should be rendered that Terrell take nothing. TDCJ also moved to disregard the jury's answers to question, one, three, four and five because, in part, the jury's answer of "no" to question two rendered the jury's answers to the remaining questions immaterial.

On appeal, TDCJ argues that to recover under the Whistleblower Act, an employee must obtain a finding that he reported a violation of law in goodfaith. TDCJ contends that based on its response to question two, the jury found that Terrell did not report a violation of law in good faith. According to TDCJ, without such a finding, Terrell could not recover and the trial court erred in rendering judgment for Terrell. In response, Terrell agrees that a finding of good faith is essential to recovery under the Whistleblower Act. However, Terrell contends that question one comprised an independent ground of recovery and that TDCJ may not rely on the jury's response to question two to preclude recovery under question one. Terrell asserts that the "good faith" element of the ground of recovery set forth in question one was omitted without objection by TDCJ. Relying upon Rule 279 of the Texas Rules of Civil Procedure,[6] Terrell argues

---

5. The jury was instructed that it was undisputed that TDCJ is a governmental agency; that Terrell was a public employee of TDCJ; and that Terrell made reports to a law enforcement authority.

6. Rule 279 states:

When a ground of recovery or defense consists of more than one element, if one or more of such elements necessary to sustain such

that since good faith was omitted from question one without objection, good faith may be deemed found by the trial court in a manner to support the judgment.

■ If we were to agree with TDCJ that the jury's response to question two constituted a finding that Terrell did not report a violation of law in good faith, we would hold that the trial court erred in rendering judgment on the jury's verdict. *See Wichita County v. Hart,* 989 S.W.2d 2, 12 (Tex.App.—Fort Worth 1999, pet. denied) (holding that the evidence legally and factually insufficient to support a finding a good faith and rendering judgment in favor of the governmental entity); *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191, 194 (Tex.1966) (noting that the jury's answer to an immaterial issue may be disregarded by the trial court). Alternatively, even if we were to agree with Terrell that question one comprised an independent ground of recovery, the trial court could only deem a finding of "good faith" if such a finding is supported by factually sufficient evidence. *See* Tex.R. Civ. P. 279; *Ramos v. Frito–Lay, Inc.,* 784 S.W.2d 667, 668 (Tex.1990); *Crosbyton Seed Co. v. Mechura Farms,* 875 S.W.2d 353, 364 (Tex. App.—Corpus Christi 1994, no writ). The supreme court has defined "good faith," as used in the Whistleblower Act, to mean that (1) the employee believed that the conduct reported was a violation of law, and (2) the employee's belief was reasonable in light of the employee's training and experience.[7] *See Wichita County v. Hart,* 917 S.W.2d 779, 784–85 (Tex.1995). The first prong of this definition goes to the

employee's subjective intent. *Id.* at 785. The second prong of the definition is met by showing that a "reasonably prudent employee in similar circumstances would have believed that the facts as reported were a violation of law." *Id.* Having reviewed the record, we conclude that even if Terrell subjectively believed that Collins had engaged in illegal conduct, there is no evidence to support a deemed finding that his belief was reasonable.

■ Concerning Terrell's education and experience, he received a bachelor's of science degree in law enforcement. He began his employment with TDCJ in 1970 and was promoted to warden of the Ramsey III unit in 1983. In 1985, he was promoted to warden of Beto I and he maintained that position until he was terminated in 1991. During the May 16 meeting with Hale, the only bases Terrell pointed to for his allegations against Collins were "word of mouth" and that "every warden knew about the relationship." At trial, Terrell conceded that despite having no evidence that Collins had traveled with his girlfriend at state expense, he was willing to share that rumor with Hale. As indicated above, the objective prong of the definition of good faith is met only if a "reasonably prudent employee in similar circumstances would have believed that the *facts* as reported were a violation of law." *Id.* (emphasis added). Terrell's reliance solely on rumor and innuendo in reporting allegations of illegal conduct did not establish a factual basis upon which a fact-finder could conclude that a reasonable employee with the same level of train-

---

ground of recovery or defense, and necessarily referable thereto, are submitted to and found by the jury, and one or more such elements are omitted from the charge, without request or objection, and there is factually sufficient evidence to support a finding thereon, the trial court, at the request of either party, may ... make and file written findings on such omitted element or elements in support of the judgment. If no such written findings are made, such omitted element or elements shall be deemed found by the court in such a manner as to support the judgment. Tex.R. Civ. P. 279.

7. We recognize that the definition of good faith actually provided to the jury was different from that prescribed by the supreme court in *Wichita County.* Nonetheless, because the definition given to the jury included the second prong of the *Wichita County* definition, we need not address the issue of whether the correct (*Wichita County* ) definition or the definition actually provided should be used to measure the sufficiency of the evidence to support a deemed finding of good faith.

ing and experience would have made such a report. *Id.* at 785–86. To show good faith, Terrell points to his own testimony at trial that he made the allegations against Collins in good faith and that he did so based on his twenty-one years of experience in TDCJ. However, no evidence was introduced showing how this experience led Terrell to believe that a violation of law had occurred. Such evidence might have shown, at least in part, the "reasonableness" of Terrell's belief. While Terrell's testimony may show that he believed the "word of mouth" among TDCJ personnel, we hold that this is no evidence that a reasonable person with the same level of training and experience would have believed such rumors. *Wichita County*, 989 S.W.2d at 9–11. In sum, an employee does not act in good faith when his report of a "violation of law" is based entirely on unsubstantiated rumor and innuendo.

Because we conclude that Terrell failed to present evidence upon which a factfinder could conclude that his belief that a violation of law had occurred was reasonable, the trial court erred in deeming a finding of good faith to support recovery under question one. Thus, the trial court also erred in rendering judgment on the jury's verdict because the evidence did not support a finding on each element necessary to entitle Terrell to recovery under the Whistleblower Act. Issue one is sustained. Due to our disposition of issue one, we need not address TDCJ's second issue.

We *reverse* the judgment of the trial court and *render* judgment that Terrell take nothing against TDCJ. *See* TEX.R.APP. P. 43.3.