TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00244-CV







Texas Department of Criminal Justice, Appellant


v.


Edward McElyea, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT

NO. D-1-GN-01-003776, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING





D I S S E N T I N G O P I N I O N


 Because I disagree that McElyea made a good-faith report of a violation of law, I must
respectfully dissent. 

 Although we are cautioned to be liberal in construing the Whistleblower Act, see Hill
v. Burnet County Sheriff's Dep't, 96 S.W.3d 436, 440 (Tex. App.--Austin 2002, pet. denied), the
supreme court has in fact been rather strict and literal in its application and interpretation of the Act,
especially when peace officers are seeking protection by the Act. See Texas Dep't of
Transp. v. Needham, 82 S.W.3d 314, 320 (Tex. 2002) (interpreting provision of Act requiring that
report be made to "appropriate law enforcement authority"). The Act provides protection only to
someone who "in good faith reports a violation of law." Tex. Gov't Code Ann. § 554.002
(West 2004). I do not believe that McElyea's report can be considered a good-faith report of a
violation of law because he lacked sufficient knowledge and evidence upon which to base an
allegation that a violation of the law had occurred. 

 McElyea testified that he brought up the issue because he "knew that both Fred Rhea
and Terry Cobbs had a take-home State vehicle and that they drove it a lot." That is the sum total
of McElyea's knowledge about the officers' use of state vehicles. Both men were narcotics officers
who drove considerable distances for official business, and McElyea did not testify that he noticed
any anomalies in their mileage reports. Driving a vehicle "a lot" is not the same as driving it
"everywhere." "[T]he reasonableness of a peace officer's belief that a law has been violated will be
examined more closely than will the belief of one in another, non-law enforcement profession,"
Harris County Precinct Four Constable Dep't v. Grabowski, 922 S.W.2d 954, 956 (Tex. 1996), and
McElyea as a police officer should have been aware of the gaps in what he knew and the
significance of those gaps. 

 I do not believe that there is a significant difference between these facts and those set
out in Texas Department of Criminal Justice v. Terrell, in which our sister court held that the
employee, a prison warden with bachelor's degree in law enforcement, based his report "solely on
rumor and innuendo" and that a fact-finder could not have concluded that "a reasonable employee
with the same level of training and experience would have made such a report." 18 S.W.3d 272, 276
(Tex. App.--Tyler 2000, pet. denied). Guessing that there might have been a violation does not
amount to good-faith belief that there was a violation. A person seeking whistleblower protection
must show he "believed he was reporting an actual violation of law," and we evaluate the report to
determine whether a "reasonably prudent employee in similar circumstances would have believed
that the facts as reported were a violation of law." Needham, 82 S.W.3d at 320 (emphasis added);
see also Wichita County v. Hart, 917 S.W.2d 779, 784-85 (Tex. 1996) ("'Good faith' means that (1)
the employee believed that the conduct reported was a violation of law and (2) the employee's belief
was reasonable in light of the employee's training and experience."). 

 Because McElyea knew that he lacked necessary information to know whether there
actually had been a violation of law, I would hold that his report, as a matter of law, did not amount
to a good-faith report of a violation of the law. Therefore, I respectfully dissent.


 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Henson

Filed: July 26, 2007