# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00244-CV

### Texas Department of Criminal Justice, Appellant

### v.

### Edward McElyea, Appellee

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-01-003776, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

---

## DISSENTING OPINION

Because I disagree that McElyea made a good-faith report of a violation of law, I must respectfully dissent.

Although we are cautioned to be liberal in construing the Whistleblower Act, *see Hill v. Burnet County Sheriff's Dep't*, 96 S.W.3d 436, 440 (Tex. App.—Austin 2002, pet. denied), the supreme court has in fact been rather strict and literal in its application and interpretation of the Act, especially when peace officers are seeking protection by the Act. *See Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 320 (Tex. 2002) (interpreting provision of Act requiring that report be made to "appropriate law enforcement authority"). The Act provides protection only to someone who "in good faith reports a violation of law." Tex. Gov't Code Ann. § 554.002 (West 2004). I do not believe that McElyea's report can be considered a good-faith report of a

violation of law because he lacked sufficient knowledge and evidence upon which to base an allegation that a violation of the law had occurred.

McElyea testified that he brought up the issue because he "knew that both Fred Rhea and Terry Cobbs had a take-home State vehicle and that they drove it a lot." That is the sum total of McElyea's knowledge about the officers' use of state vehicles. Both men were narcotics officers who drove considerable distances for official business, and McElyea did not testify that he noticed any anomalies in their mileage reports. Driving a vehicle "a lot" is not the same as driving it "everywhere." "[T]he reasonableness of a peace officer's belief that a law has been violated will be examined more closely than will the belief of one in another, non-law enforcement profession," *Harris County Precinct Four Constable Dep't v. Grabowski*, 922 S.W.2d 954, 956 (Tex. 1996), and McElyea as a police officer should have been aware of the gaps in what he knew and the significance of those gaps.

I do not believe that there is a significant difference between these facts and those set out in *Texas Department of Criminal Justice v. Terrell*, in which our sister court held that the employee, a prison warden with bachelor's degree in law enforcement, based his report "solely on rumor and innuendo" and that a fact-finder could not have concluded that "a reasonable employee with the same level of training and experience would have made such a report." 18 S.W.3d 272, 276 (Tex. App.—Tyler 2000, pet. denied). Guessing that there *might have been* a violation does not amount to good-faith belief that there *was* a violation. A person seeking whistleblower protection must show he "believed he was reporting an *actual violation* of law," and we evaluate the report to determine whether a "reasonably prudent employee in similar circumstances would have believed

2

that *the facts as reported* were a violation of law." *Needham*, 82 S.W.3d at 320 (emphasis added); *see also Wichita County v. Hart*, 917 S.W.2d 779, 784-85 (Tex. 1996) ("'Good faith' means that (1) the employee believed that the conduct reported was a violation of law and (2) the employee's belief was reasonable in light of the employee's training and experience.").

Because McElyea knew that he lacked necessary information to know whether there actually had been a violation of law, I would hold that his report, as a matter of law, did not amount to a good-faith report of a violation of the law. Therefore, I respectfully dissent.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Henson

Filed:   July 26, 2007

3