

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| COUNTY OF EL PASO, TEXAS and EL PASO COUNTY SHERIFF'S DEPARTMENT, | § | No. 08-13-00082-CV |
| | § | Appeal from the |
| Appellants, | § | 34th District Court |
| v. | § | of El Paso County, Texas |
| LISA LATIMER, | § | (TC#2010-2297) |
| Appellee. | § | |

## **O P I N I O N**

In this interlocutory appeal, the County of El Paso, Texas and the El Paso County Sheriff's

Department (collectively referred to as "the County") challenge an order denying their plea to the

jurisdiction. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (a)(8) (West 2008). We affirm.

## **BACKGROUND**

On June 21, 2010, Appellee Lisa Latimer sued the County under the Texas Whistleblower

Act. *See* TEX. GOV'T CODE ANN. §§ 554.001 - .010 (West 2012). The County answered the suit

and asserted affirmative defenses including, in part, the doctrine of governmental immunity. The

County asserted Latimer's suit was untimely filed. The County filed a memorandum and brief in

support of its plea to the jurisdiction.

On February 4, 2013, Latimer subsequently filed a third amended petition stating that the County waived its sovereign immunity. Latimer alleged that she worked for the County and that after her supervisor "ignored her," she made a good faith report of alleged violations of the law by the County "and/or" its employees to appropriate law enforcement authorities.[1] On July 24, 2009, Latimer was informed she was being terminated from her employment and was given the weekend to decide whether to resign or be terminated.[2] Latimer chose not to resign, and on July 27, 2009, she was terminated allegedly due to poor work performance. That same day, Latimer invoked "and/or" attempted to invoke the County's grievance or appeal procedures by submitting an "El Paso County Sheriff's Department Multi-Purpose Report."

Latimer's report detailed her belief that she was terminated due to her good faith report of alleged violations of the law. On July 28, 2009, Latimer attempted to discuss her termination with Sargent Esparza, thus providing the County with notice of her belief that she was terminated due to her good faith report and her intent to contest the adverse personnel action taken against her. Latimer also alleged that the County failed to resolve the grievance process within 60 days from the date she initiated or attempted to initiate the County's procedure, that she elected to exhaust the County's grievance procedures, and that she did nothing to terminate those procedures.

In response to Latimer's third amended petition, the County filed an amended memorandum and brief in support of its plea. The County asserted Latimer failed to comply with the statutory requirements to file suit against the County, and that she should have filed suit within 90 days of her termination. The County argued that because Latimer was a probationary

---

[1] Specifically, she reported that inventory was being taken for personal use when it was supposed to be turned into the County for disposal and that the County failed to report a motor vehicle accident that had involved one of its units.
[2] At that time, Latimer had been a County employee for almost five months.

2

employee who was not entitled to a grievance, the 90-day limitations period was not tolled, and thus, the trial court lacked jurisdiction over her suit. As evidence in support of its plea argument, the County attached a copy of Rule 2.04 of the County's Civil Service Rules and Regulations and a copy of the County's "New Employee Orientation Checklist" purportedly signed by Latimer on March 2, 2009.

Latimer responded she was entitled to a grievance, and that the County had indicated and represented to her that she was entitled to a grievance and that her claims would be investigated. Latimer further alleged that she did not terminate the grievance procedure, that the County did not resolve her grievance, and that the County did not tell her there was no grievance procedure available to her. As such, Latimer contended the 90-day limitations period was tolled until she filed suit in 2010. After conducting a hearing, the trial court denied the County's plea to the jurisdiction. This interlocutory appeal followed.

## DISCUSSION

In its sole issue, the County argues that due to the untimeliness of her whistleblower suit, Latimer failed to comply with the jurisdictional elements of her cause of action and thus, the trial court lacked jurisdiction over her claims.

### Standard of Review

Generally, political subdivisions of the State, such as counties, are immune from suit and liability under the doctrine of governmental immunity. *See Triple X-Ray, Inc. v. Winkler Cnty. Memorial Hosp.*, 366 S.W.3d 299, 303 (Tex. App. − El Paso 2012, no pet.). A plea to the jurisdiction contests a trial court's subject matter jurisdiction. *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010); *Samaniego v. Keller*, 319 S.W.3d 825, 828 (Tex. App. − El Paso

3

2010, no pet.). Whether a court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

A trial court's ruling on a plea to the jurisdiction is reviewed *de novo*. *Id*.; *De Santiago v. W. Tex. Cmty. Supervision & Corr. Dep't*, 203 S.W.3d 387, 393 (Tex. App. – El Paso 2006, no pet.). The plaintiff has the burden of pleading facts which affirmatively show that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

Thus, we first consider the plaintiff's petition to determine whether the facts pleaded affirmatively demonstrate that jurisdiction exists. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007), *citing Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Miranda*, 133 S.W.3d at 226, 228. If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect, the plaintiff should be afforded an opportunity to replead. *Holland*, 221 S.W.3d at 643; *Miranda*, 133 S.W.3d at 226-27. However, in some instances, a plea to the jurisdiction may require our consideration of evidence pertaining to jurisdictional facts. *Holland*, 221 S.W.3d at 643; *Miranda*, 133 S.W.3d at 227; *Bland Independent School District v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). "A plea should not be granted if a fact issue is presented as to the court's jurisdiction, but if the relevant undisputed evidence negates jurisdiction, then the plea to the jurisdiction must be granted." *Holland*, 221 S.W.3d at 643, *citing Miranda*, 133 S.W.3d at 227-28.

**THE TEXAS WHISTLEBLOWER ACT**

Pursuant to the Texas Whistleblower Act (the Act), a state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a

4

public employee who makes a good faith report of a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority. *See* TEX. GOV'T CODE ANN. § 554.002(a) (West 2012). The Act is "'designed to enhance openness in government and compel the [employing governmental entity's] compliance with law by protecting those who inform authorities of wrongdoing.'" *Resendez v. Tex. Comm. On Environmental Quality*, 391 S.W.3d 312, 320 (Tex. App. – Austin 2012, pet. filed) (quoting *Tex. Dep't of Assistive & Rehabilitative Servs. v. Howard*, 182 S.W.3d 393, 399 (Tex. App. – Austin 2005, pet. denied). Because the Act is remedial in nature, it should be liberally construed to effect its purpose. *Id*. Governmental immunity is expressly waived under the Act. *See* TEX. GOV'T CODE ANN. § 554.0035 (West 2012).

The Act requires a public employee to sue no later than 90 days after the alleged violation occurred or was discovered through reasonable diligence. *Id*. § 554.005. If applicable, an employee must initiate an action under the grievance or appeal procedures of the employing state or local government entity relating to suspension or termination of employment or adverse personnel action, no later than the 90th day after the alleged violation occurred or was discovered by the employee. *Id*. § 554.006(a)-(b). When the employer's grievance or appeal procedures are initiated, the statute of limitations is tolled. *Id*. § 554.006(c). If the employer has not made a final decision before the 61st day after the grievance or appeal procedures are initiated, the employee may elect (1) to exhaust the applicable procedures, and file suit no later than the 30th day after those procedures are exhausted; or (2) to terminate procedures under Section 554.006(a), and file suit within the time remaining under Section 554.005. *Id*. § 554.006(d).

The County argues as it did below, that Latimer was not entitled to file a grievance

5

pursuant to its Civil Service Rules and Regulations because she was a probationary employee at the time of termination. Pointing to Rule 2.04 of the County's Civil Service Rules and Regulations and the "New Employee Orientation Checklist" purportedly signed by Latimer, the County contends the evidence presented below established that Latimer was a probationary employee, that she received a copy of the Civil Service Rules and Regulations, and that she had knowledge that she could not file a grievance. Rule 2.04 provides:

> **Employment Probationary Period**: The probationary period consists of the first six (6) months of employment with the County, beginning from the employee's Effective Date of Employment, for all regular full-time and part-time employees, during which time they must demonstrate their ability to satisfactorily perform the duties required, The immediate supervisor will periodically advise the employee of his progress and assure that the employee receives any reasonably necessary training required in order for the employee to successfully perform the job duties. Failure of the employee to perform satisfactorily during the probationary period will result in dismissal without right to appeal. Any employee successfully completing the six (6) month probationary period shall thereafter be covered by these Rules during their tenure of employment in a covered position.

The "New Employee Orientation Checklist," purportedly signed by Latimer on March 2, 2009, indicates she was issued a Civil Service CD which according to the County allegedly contained the County's Civil Service Rules and Regulations. Accordingly, based on the foregoing evidence, it is the County's position that Latimer knew she did not have a right to a grievance due to her status as a probationary employee, and that without any applicable grievance procedure available to her, Latimer had until October 25, 2009, 90 days from July 27, 2009, to file suit. Because Latimer did not file suit until June 21, 2010, the County maintains her suit was untimely and, therefore, the trial court lacked jurisdiction.

Latimer responds that the County's argument is misguided. Relying on *Bates v. Randall County*, 297 S.W.3d 828 (Tex. App. – Amarillo 2009, pet. denied), Latimer argues the evidence in

6

this case shows that it was unclear whether she was entitled to a grievance procedure when she provided the County with notice that she was retaliated against for her good faith report of violations of the law. Latimer further asserts that she complied with Section 554.006 and that the 90-day statutory limitations period was tolled because she in "good faith initiated and/or attempted" to invoke the County's grievance procedure which provided the County with notice of her intent to contest her wrongful termination under the Act.

In *Randall County*, two county employees sued Randall County under the Whistleblower Act. *Id*. at 832. Randall County argued the appellants' claims were barred because they were untimely filed. *Id*. Randall County contended that no applicable grievance procedure applied to the appellants because they were no longer its employees when they attempted to initiate the grievance procedure. *Id*. at 834. The trial court subsequently found Randall County created an ambiguity as to whether its grievance procedure applied to the appellants where their supervisor made statements to them that he would deny their grievance because it was untimely filed. *Id*. at 834-35. Because of the uncertainty of the applicability of the grievance procedure to the appellants, the trial court concluded that appellants' notice to the county that they believed they were terminated from their employment due to their good faith report of an alleged violation of the law was sufficient to toll the 90-day limitations period. *Id*.

Here, the parties do not dispute that Latimer was terminated from her employment on July 27, 2009, less than five months after being hired by the County. Latimer filed her whistleblower suit on June 21, 2010, nearly 11 months after the adverse personnel action. Latimer contends the 90-day period of limitations was tolled when she initiated or attempted to initiate the County's grievance procedure on July 27, 2009, and when she attempted to discuss her termination with

7

Sargent Esparza on July 28, 2009.

Although the County contends the evidence clearly establishes that there was no grievance procedure applicable to Latimer due to her status as a probationary employee at the time of her termination, we agree with Latimer that the evidence is unclear and, that, at a minimum, the evidence presented a fact issue as to whether she was entitled to an investigation or grievance procedure based on her claim that she was terminated in retaliation for making a good faith report of alleged violations of the law.

When it is unclear whether an employer has a post-termination grievance procedure, the terminated employee's notice to the employer that he believes that an adverse personnel action was taken against him due to a good faith report of a violation of the law by the governmental entity, if made within 90 days, is sufficient to toll the limitations period of Section 554.005. *Randall County*, 297 S.W.3d at 834; *see also Beiser v. Tomball Hosp. Auth.*, 902 S.W.2d 721, 724 (Tex. App. – Houston [1st Dist.] 1995, writ denied) (holding that terminated employee's whistleblower suit not barred by limitations when employer created uncertainty as to availability or applicability of grievance procedures). The record does not conclusively establish that there was no applicable grievance procedure available to Latimer.

Instead, the evidence shows Latimer submitted a report to the County on July 27, 2009, detailing her belief that she was terminated from her employment due to her good faith report of alleged violations of law by the County "and/or" its employees. The County accepted that report when an unknown County employee made a handwritten notation on that report which read "Received on 7-27-09 & will forward to Internal Affairs for investigation." Latimer also attempted in good faith to discuss her termination with Sargent Esparza on July 28, 2009, and

thus, gave notice of her belief that she was terminated due to her good faith report of alleged violations of law and her intent to contest the personnel action. *See Moore v. Univ. of Houston-Clear Lake*, 165 S.W.3d 97, 102 (Tex. App. – Houston [14th Dist.] 2005, no pet.) (noting that the Act does not dictate what actions are required to initiate the appeals procedure nor does it require the use of particular words, nor require employee's grievance or appeal is based on the Act); *Tarrant Cnty. v. McQuary*, 310 S.W.3d 170, 177 (Tex. App. – Fort Worth 2010, pet. denied) (holding that employee asserting whistleblower claims is required to give employer fair notice that the employee intends to appeal a specific disciplinary decision and assert claims under the Act). Both of these events occurred within 90 days of Latimer's termination. *See* TEX. GOV'T CODE ANN. § 554.006 (requiring that the employee invoke the applicable grievance or appeal procedures no later than 90 days after the alleged violation under the Act). In her third amended petition, Latimer also alleged she was entitled to a grievance procedure, that the County represented to her that she was entitled to a grievance procedure, that the County indicated and represented to her that her claims would be investigated, and that the County did not inform her that she was not entitled to a grievance procedure.

Based on the County's handwritten notation on the report Latimer submitted to the County on July 27, 2009, and Latimer's allegations concerning the County's representations to Latimer about the applicability of the grievance procedure, the trial court could have reasonably inferred that it was unclear whether Latimer was entitled to invoke the County's grievance or appeals procedure before filing suit such that her notice to the County that she believed her termination with the County was due to her good faith report of alleged violations of the law was sufficient to toll the 90-day limitations period to file suit under the Act. *See Randall County*,

297 S.W.3d at 834-35. Because the evidence in the record was unclear as to whether Latimer was entitled to a grievance procedure such that the trial court could have reasonably determined that the applicable statutory period was tolled or, that, at a minimum, a fact issue was raised, we conclude that the trial court did not err in denying the County's plea to the jurisdiction. *See Randall County*, 297 S.W.3d at 834-35; *see also Beiser*, 902 S.W.2d at 724 (holding that terminated employee's whistleblower suit not barred by limitations when employer created uncertainty as to availability or applicability of grievance procedures); *Miranda*, 133 S.W.3d at 227-28 (stating that trial court must deny plea to the jurisdiction if the evidence presents a fact question concerning jurisdiction). Issue One is overruled.

## CONCLUSION

We affirm the trial court's order denying Appellants' plea to the jurisdiction.


GUADALUPE RIVERA, Justice

May 21, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

10