# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00186-CV

**Travis County, Texas; and Sheriff Greg Hamilton, in his Official Capacity, Appellants**

**v.**

**Rick Rogers, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
NO. D-1-GN-12-003897, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Travis County, Texas, and Sheriff Greg Hamilton, in his official capacity, (collectively, the County) appeal the trial court's order denying the County's plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (permitting appeal from interlocutory order denying governmental unit's plea to jurisdiction). In its plea, the County argued that Rick Rogers's suit for breach of an agreement settling an employment-related dispute between Rogers and the County was barred by sovereign immunity. We will affirm the trial court's order.

## BACKGROUND

In 2006, Rogers began working for the County as a patrol officer in the Law Enforcement Bureau. In February 2007, Rogers wrote a letter to Hamilton in which he complained of the treatment new employees received during training and reported that he had observed violations of the law and discrimination by County employees. Specifically, Rogers reported that

he was aware that employees came to work with "alcohol on their breath," and that one deputy was siphoning gas from his patrol car to supplement his income. Rogers also reported that he had observed female employees being harassed and minority employees being discriminated against by their co-workers. After an internal investigation was conducted, the investigating officer concluded that Rogers had engaged in "unbecoming conduct" and failed to follow the chain of command and recommended that he be terminated. On April 20, 2007, the Chief Deputy informed Rogers that he had "determined that it [was] no longer mutually beneficial to continue [Rogers's] association with the Travis County Sheriff's Office" and offered him the opportunity to resign. The Chief Deputy further informed Rogers that if he elected not to resign, the termination would not be placed in effect until the time for him to appeal "had been exhausted." Rogers wrote a letter to Hamilton "appealing" the recommendation of termination, but on May 24, 2007, Hamilton informed Rogers that his employment with the Travis County Sheriff's office was terminated effective May 23, 2007.

Believing the termination of his employment was in violation of the Whistleblower Act and the Texas Commission on Human Rights Act, Rogers presented these claims to the Travis County Commissioner's Court. According to Rogers, his attorney was then contacted by the County Attorney to discuss settlement. On August 14, 2007, the parties executed a Settlement Agreement pursuant to which Rogers agreed to release any claims he might have against the County and the County agreed to hire Rogers as a Cadet Corrections Officer. The Settlement Agreement also provided:

> Rogers will not be treated worse or discriminated against because he complained about his previous termination, because of the events involving his previous termination, and/or because he entered into this agreement.

2

In the underlying litigation, Rogers contended that the County breached this term of the Settlement Agreement in December 2011 and March 2012 when three different hiring boards refused his requests for transfers to the Patrol Division and to the Courthouse Security Division. According to Rogers, each of the hiring boards "graded him down" for specific reasons forbidden by the Settlement Agreement, i.e., his previous complaints to Hamilton, his having been disciplined for that conduct, and the fact that his employment had previously been terminated. Rogers alleged that these breaches of the Settlement Agreement resulted in his being denied the opportunity to transfer to higher paying jobs in 2011 and 2012.

The County filed a plea to the jurisdiction in which it asserted that governmental immunity barred Rogers's breach of contract claim. Rogers countered that, because the County had waived its immunity for the claims that were settled, a suit to enforce the Settlement Agreement was likewise not barred by immunity. *See Texas A & M Univ.-Kingsville v. Lawson*, 87 S.W.3d 518, 522-23 (Tex. 2002) ("[W]e hold that, having waived immunity from suit in the Whistleblower Act, the State may not now claim immunity from a suit brought to enforce a settlement agreement reached to dispose of a claim brought under that Act."). The trial court denied the plea to the jurisdiction and this interlocutory appeal followed.

**STANDARD OF REVIEW**

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). We review de novo a trial court's ruling on a plea to the jurisdiction. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007). Satisfying statutory prerequisites to suit is a jurisdictional requirement in all suits against

3

a governmental entity. *See* Tex. Gov't Code § 311.034(a). Failure to comply with a jurisdictional requirement deprives the trial court of the power to act, other than to determine that it lacks jurisdiction. *City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009).

**DISCUSSION**

Governmental immunity protects political subdivisions of the state, including counties and its agencies, from liability and lawsuits. *See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Texas Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006). "A political subdivision enjoys governmental immunity from suit to the extent that immunity has not been abrogated by the Legislature." *Id.* Governmental immunity is waived only by clear and unambiguous language indicating the legislature's intent to do so. *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 838 (Tex. 2010). The issue in this case is whether the Legislature has waived immunity for Rogers's breach of contract claim.

Rogers argues that the County's immunity from suit was waived by a combination of section 554.035 of the Texas Government Code and the Texas Supreme Court's opinion in *Lawson*. *See* Tex. Gov't Code § 554.035 ("A public employee who alleges a violation of [the Whistleblower Act] may sue the employing state or local governmental entity for the relief provided by this chapter."); *Lawson*, 87 S.W.3d at 522-23. In *Lawson*, a university faculty member brought a Whistleblower Act claim against the university after it terminated his employment. *Lawson*, 87 S.W.3d at 518. The suit ended when the parties entered into a settlement agreement. *Id.* at 519. Lawson subsequently brought another suit, claiming breach of the settlement agreement. *Id.* The university filed a plea to the jurisdiction, claiming to be immune from suit for breach of contract.

4

*Id.* The supreme court observed that, while the Legislature has waived immunity for Whistleblower Act claims, it has not waived immunity for the type of breach of contract claim Lawson brought in his second suit. *Id.* at 521. But a plurality of the court held that "when a governmental entity is exposed to suit because of a waiver of immunity, it cannot nullify that waiver by settling the claim with an agreement on which it cannot be sued." *Id.* The court reasoned, "We do not think the Legislature intended by waiving the bar of immunity for claims under the Whistleblower Act that settlements would be prevented or delayed by a revival of the bar in the form of immunity from suit for breach of settlement agreements." *Id.* The plurality held that "having waived immunity from suit in the Whistleblower Act, the State may not now claim immunity from a suit brought to enforce a settlement agreement reached to dispose of a claim brought under that Act." *Id.* at 522-23.

The County argues that *Lawson* is distinguishable because, in the present case, Rogers never filed suit alleging violations of the Whistleblower Act and therefore there was no waiver of governmental immunity. According to the County, filing a suit alleging facts meeting the elements of a claim under the Whistleblower Act is a statutory prerequisite to suit which Rogers failed to comply with. *See* Tex. Gov't Code §§ 554.005 ("Except as provided by Section 554.006, a public employee who seeks relief under this chapter must sue not later than the 90th day after the date on which the alleged violation of this chapter: (1) occurred; or (2) was discovered by the employee through reasonable diligence."), .006 (providing for tolling of 90-day filing period for amount of time public employee uses in meeting his obligation to participate in the grievance or appeal procedures of his employer). Thus, in the County's view, the Whistleblower Act claim released in the Settlement Agreement did not have the "adjudicative value" necessary to find waiver of

5

immunity under *Lawson*. *See Texas Dep't of Health v. Neal*, No. 03-09-00574-CV, 2011 WL 1744966, at *4 (Tex. App.—Austin May 6, 2011, pet. denied) (mem. op.).

In *Neal*, this Court applied the *Lawson* analysis to determine whether a governmental entity was immune from a suit alleging breach of a settlement agreement with Neal, a former employee, who had asserted claims of employment discrimination under the Texas Commission on Human Rights Act. *See* Tex. Lab. Code §§ 21.002(8)(D), 21.051, 21.254 (waiver of immunity for claims of employment discrimination). At the time the parties executed the settlement agreement, Neal had not initiated the administrative process that could have led to a waiver of governmental immunity and bestowed jurisdiction on the trial court. *Neal*, 2011 WL 1744966, at *4. We declined to extend *Lawson* to a situation where the claimant "'settled a claim that, at that point in time, had no adjudicative value in our court system.'" *Id.* (quoting *Donna Indep. Sch. Dist. v. Gracia*, 286 S.W.3d 392, 395 (Tex. App.—Corpus Christi 2008, no pet.)). The parties to this appeal join issue on whether Rogers's Whistleblower Act claim had "adjudicative value" at the time the parties executed the Settlement Agreement.

The Whistleblower Act provides a limited waiver of immunity when a public employee alleges a violation of the Act. Tex. Gov't Code § 554.035. The elements of a cause of action under the Whistleblower Act are: (1) a state or local governmental entity (2) suspends, discharges, or discriminates against (3) a public employee (4) who reports in good faith a violation of the law (5) to an appropriate law enforcement authority. *Id.* § 554.002(a); *Texas Dep't of Criminal Justice v.*

*Terrell*, 18 S.W.3d 272, 274 (Tex. App.—Tyler 2000, pet. denied). The parties do not dispute that Rogers has stated facts that, if true, would establish a violation of section 554.002(a).[1]

The sole basis for the County's claim that Rogers's Whistleblower Act claim lacked "adjudicative value" is the fact that, at the time the parties settled, Rogers had not filed suit, nor did he subsequently file a suit within the limitations period set forth in section 554.005.[2] The County contends that compliance with section 554.005 is a "statutory prerequisite" to suit and therefore a jurisdictional requirement for Rogers's suit against the County, which had to be accomplished in order for there to be a waiver of the County's immunity. *See* Tex. Gov't Code § 311.034 ("Statutory prerequisites to suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.");[3] *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 514-15

---

[1] Normally we would look to the plaintiff's pleadings to determine whether he has met his burden of alleging facts that affirmatively demonstrate a trial court's subject matter jurisdiction. *See, e.g.*, *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In Whistleblower Act claims, the section 554.002(a) elements must be included within the pleadings so that a court can determine whether they sufficiently allege a violation under the Act to fall within the section 554.035 waiver of immunity. *See State v. Lueck*, 290 S.W.3d 876, 882 (Tex. 2009). Rogers did not file any court pleadings, but the record includes his affidavit setting forth the facts he contends meet the elements of a claim under the Whistleblower Act. The County has not argued that Rogers failed to assert facts that would satisfy the elements set forth in section 554.002(a) and we do not express any opinion in that regard.

[2] In its brief, the County concedes that, when the parties settled, the limitations period for filing a Whistleblower Act claim had not expired. Specifically, the County states in its brief: "That [Rogers's] time to satisfy the jurisdictional pre-requisites for the underlying claims had not expired when he entered the settlement agreement is not consequential." Footnote three to the County's brief also states its position that the 90-day time period for filing a Whistleblower Act claim had not expired when the Settlement Agreement was signed. This was also counsel for the County's position at oral argument.

[3] The legislature added this sentence to Texas Government Code section 311.034 by amendment in 2005. *See* Act of May 25, 2005, 79th Leg., R.S., ch. 1150, § 1, 2005 Tex. Gen. Laws 3783.

7

(Tex. 2012) ("Under section 311.034, a statutory requirement commanding action before filing suit is a statutory prerequisite. Thus, a statutory prerequisite to suit, whether administrative (such as filing a charge of discrimination) or procedural (such as timely filing a lawsuit) is jurisdictional when the defendant is a governmental entity.").

The supreme court has not expressly held that section 554.005, entitled "Limitation Period," is a "statutory prerequisite" to a Whistleblower Act suit. However, its analysis in *Chatha* suggests that it might reach that conclusion, meaning that the failure to have timely filed a Whistleblower Act claim could deprive the trial court of subject-matter jurisdiction over that claim. *Id.* Courts of appeals have generally not treated the timely filing of a Whistleblower Act claim as a jurisdictional prerequisite to maintaining the suit, but rather have treated untimely filing as an affirmative defense. *See Milteer v. University of Tex. at Dallas*, No. 05-13-01076, 2014 WL 5581315 (Tex. App.—Dallas Nov. 4, 2014, no pet.) (mem. op.) (affirming summary judgment on ground that limitations period for plaintiff's claim under Whistleblower Act had run); *City of Houston v. Smith*, No. 01-13-00241-CV, 2014 WL 768330 (Tex. App.—Houston [1st Dist.] Feb. 25, 2014, no pet.) (mem. op.) (holding that timely initiating any applicable grievance procedure was jurisdictional prerequisite to bringing Whistleblower Act claim but not addressing whether limitations period for filing suit is also a jurisdictional prerequisite); *Scott v. Cameron Cnty.*, No. 13-05-00117-CV, 2007 WL 1365442 (Tex. App.—Corpus Christi-Edinburg May 10, 2007, no pet.) (mem. op.) (affirming summary judgment on ground that plaintiff in Whistleblower Act suit failed to timely file petition and claim was barred by limitations); *Dallas Cnty. v. Hughes*, 189 S.W.3d 886 (Tex. App.—Dallas 2006, pet. denied) (holding that limitations period for filing suit in Whistleblower Act

8

was "a defensive issue, not a jurisdictional issue"); *Dallas Cnty. v. Gonzalez*, 183 S.W.3d 94 (Tex. App.—Dallas 2006, pet. denied) (implying that timely filing of Whistleblower Act not jurisdictional issue by refusing to permit appellant to raise complaint in reply brief); *but see County of El Paso v. Latimer*, 431 S.W.3d 844 (Tex. App.—El Paso 2014, no pet.) (affirming trial court's denial of plea to jurisdiction after concluding that fact issue existed with regard to whether limitations period for filing Whistleblower Act had expired).[4] We will assume, without deciding, that the County is correct that a party's failure to comply with the limitations period provided for in section 554.005 creates a jurisdictional defect that deprives the trial court of subject-matter jurisdiction. *See City of DeSoto*, 288 S.W.3d at 393.

As previously noted, the parties do not dispute that, at the time the Settlement Agreement was executed, the limitations period for Rogers's Whistleblower Act claim had not expired. Thus, at the time the parties signed the Settlement Agreement, Rogers had not failed to comply with any jurisdictional prerequisites to suit . His Whistleblower Act claim was viable and, if filed, would have been within the trial court's subject-matter jurisdiction. Had the deadline for timely filing a Whistleblower Act claim passed *before* the parties executed the Settlement Agreement, the result might be different. But under the facts of this case, we conclude that, at the time the parties signed the Settlement Agreement, Rogers's Whistleblower Act claim had "adjudicative

---

[4] By contrast, since 2005, the courts of appeals have uniformly held that the requirement that a public employee timely initiate an action under the employer's grievance or appeal procedures relating to suspension or termination of employment or adverse personnel actions *is* a jurisdictional prerequisite to bringing a claim under the Whistleblower Act. *See* Tex. Gov't Code § 554.006 (addressing use of grievance or appeal procedures). The parties do not dispute that Rogers complied with section 554.006.

value in our court system." *Lawson* instructs that when, as here, "a governmental entity is exposed to suit because of a waiver of immunity, it cannot nullify that waiver by settling the claim with an agreement on which it cannot be sued." *Lawson*, 87 S.W.3d at 521. Applying *Lawson*, we hold that the County is not immune from Rogers's suit for breach of the Settlement Agreement, which settled viable claims under the Whistleblower Act. Having so held, we need not address the County's argument that Rogers also failed to invoke waiver of governmental immunity under Texas Labor Code chapter 21 by timely filing a charge of discrimination. *See* Tex. Lab. Code § 21.202 (claimant must file complaint with TWC or EEOC no later than 180th day after date alleged unlawful employment practice occurred). We overrule the County's first issue.

In its second issue, the County addresses Rogers's alternative argument that, in the event the trial court lacked subject-matter jurisdiction, the proper disposition was to remand the case to the Travis County Civil Service Commission for consideration. Because we hold that the trial court had subject-matter jurisdiction over Rogers's breach of contract claim, we do not address this issue. *See* Tex R. App. P. 47.1.

**CONCLUSION**

Having concluded that, applying the Texas Supreme Court's analysis in *Lawson*, the trial court had subject-matter jurisdiction over Rogers's claim that the County breached the Settlement Agreement, we affirm the trial court's order denying the County's plea to the jurisdiction.

10

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field
  Concurring Opinion by Justice Pemberton

Affirmed

Filed:   July 29, 2015

11